[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11535
_____

D.C. Docket No. 1:11-cv-22651-KMM


ADA RAMIREZ,

Plaintiff - Appellant,

versus

MIAMI DADE COUNTY,
KAREN EVANS,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 15, 2013)

Before TJOFLAT, PRYOR, and FAY, Circuit Judges.

PER CURIAM:

Ada Ramirez appeals the district court's grant of summary judgment to her

former employer, Miami Dade County ("County") on her claim of retaliatory

discharge under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–3. We agree with the district court that there is no basis for Ramirez to have an objectively reasonable belief that she engaged in protected activity. *See Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956, 960 (11th Cir. 1997) (ruling that for a plaintiff to establish a *prima facie* case of retaliation under Title VII, he must "not only show that he *subjectively* (that is, in good faith) believed that his employer was engaged in unlawful employment practices, but also that his belief was *objectively* reasonable in light of the facts and record presented"). In this case, the alleged underlying conduct of which Ramirez complained to her employer was not severe enough to create an objectively reasonable belief that Ramirez was sexually harassed, based under current precedent. *See Howard v. Walgreen Co.*, 605 F.3d 1239, 1244 (11th Cir. 2010) (ruling that the reasonableness of a plaintiff's belief that her employer "engaged in an unlawful employment practice must be measured against existing substantive law") (quotation omitted); *see also Webb-Edwards v. Orange Cnty. Sheriff's Office*, 525 F.3d 1013, 1027-28 (11th Cir. 2008) (finding taunting and boorish comments that were not physically threatening or humiliating were not reasonably hostile or abusive).

Moreover, the County introduced legitimate, non-retaliatory reasons for Ramirez's termination. In the present case, there is no direct evidence of retaliatory intent, so this Court employs the burden-shifting framework set forth by the

Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *See*

*Schaaf v. Smithkline Beecham Corp.*, 602 F.3d 1236, 1243 (11th Cir. 2010).  Once

the employer articulates a legitimate, non-retaliatory reason for the employment

action, the plaintiff has the burden to present evidence that the reasons given were

pretexts for retaliation.  *Id.* at 1243-44.  Nothing in the record suggests that the

County's reasons were merely pretexts.

For the reasons stated above, we affirm the district court's grant of summary

judgment.

**AFFIRMED.**